IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS KING, Plaintiff,
v.

STATE FARM FIRE AND CASUALTY
COMPANY, Defendant.

No. 2:22-cv-01732-NR

JURY TRIAL DEMANDED

**COMPLAINT IN CIVIL ACTION**

Dennis King, by his attorney, Daniel Ernsberger and the law firm of Behrend and Ernsberger, files the following complaint and in support thereof avers as follows:

THE PARTIES

1. The Plaintiff, Dennis King, is an individual residing at 58 Strawberry Lane, Wexford, Pa 15090-7543. (Allegheny County)

2. The Defendant, State Farm Fire and Casualty Company, ("State Farm")is an insurance company licensed to do business in Pennsylvania.

JURISDICTION

3. This case is before the court on removal jurisdiction.

SHORT STATEMENT OF THE CASE

4. At all times material the Plaintiff insured his home through State Farm.

5. A copy of the home owners insurance policy is attached hereto and marked Exhibit 1.

6. On or about August 9, 2021, wind damage to the roof and the resulting flow of water caused a stain on Plaintiff's living room ceiling.

7. The loss was reported to State Farm on August 9, 2021.

8. State Farm investigated the claim, found the stain to be a "resulting loss" cause by wind

      damage on the roof, and approved the claim for payment.

9.     The loss was also reported to Plaintiff's Home Owner's Association ("HOA") on August 9, 2021.

10.    The HOA acknowledged that it was responsible for roof maintenance.

    a.    The HOA inspected the roof and found deteriorated roof sheathing and a rotten truss. The deterioration and rot was hidden from view and unknown to all insureds.

    b.    The HOA did what it found necessary to remodel and repair the roof to protect the Plaintiffs home from further water damage.

11.    On December 2, 2021, before the roof remodeling and repair were completed, the ceiling collapsed.

12.    The wind damage to the roof and the resulting flow of water caused the collapse of Plaintiff's living room ceiling.

13.    The loss was reported to State Farm on December 2, 2021. The claim sought payment for:

      Claim Number: 38-27V8-71S
      Policy Number: 38-EG-V157-7
      Location of
       Insured Property: 58 STRAWBERRY LANE, WEXFORD, PA 15090-7543
      Type of Policy: Condominium Unit Owners Policy H6-2138
      Date of Loss: December 2, 2021

14.    State Farm hired a professional engineer to do a residential assessment, inspect the loss, and determine its cause. (Exhibit 2)

15.    State Farm employed an adjuster to evaluate the engineers report and determine coverage.

16.    State Farm denied coverage stating:

      Thank you for meeting with me on December 8, 2021, when we discussed
      the damage to your property.

> Based upon the results of our discussions, site inspection, our investigation, and the Engineer inspection, it was determined that improper construction has caused the sagging to your living room ceiling.
> He also noted that there was no proper ventilation to the attic and this contributed to the deteriorated roof sheathing and rotten truss that was repaired by your association. **.
> Damage resulting from these causes of loss is not covered by your policy.

Exhibit 3

17. At the outset, it was apparent that State Farm did not have a reasonable basis for denying benefits under the policy because the engineer relied on construction standards but failed to attach the construction standards to his opinion. Accordingly, on January 21, 2022, Plaintiff requested construction standards:

> Your engineer relies on construction standards but did not attach the standards. Please ask him to produce the standards in effect in 1980.

Exhibit 4

18. State Farm did not respond.

19. Plaintiff evaluated the claim denial further and, on March, 25 2022, requested reconsideration. (Exhibit 5) Plaintiff addressed the following issues:

   a. The policy is to pay for "resulting loss". The roof sustained wind damage. The ceiling stain was a resulting loss of the wind damage. The subsequent ceiling collapse was an additional resulting loss of the wind damage. State Farm approved payment for the ceiling stain but not the collapse.

   b. The engineers opinion of "sagging", had no factual basis The ceiling was not "sagging". The ceiling broke away from the supporting nails. It had collapsed.

   c. The engineers opinion of "improper construction", had no factual basis as there

were no construction standards in effect at the time of the construction in 1980. Ceilings properly built in the 1980's are at risk of collapse.

d. The engineers opinion of "no proper ventilation", had no factual basis as there were no construction standards in effect at the time of the construction in 1980.

e. The "deteriorated roof sheathing and rotten truss" was a separate claim to the Home Owner's Association. The plaintiff sought payment for the resulting loss from the "deteriorated roof sheathing and rotten truss"

f. The engineers opinion of "deteriorated roof sheathing and rotten truss", had no relevance under the policy as the deteriorated roof sheathing and rotten truss was hidden from view from all the insureds.

g. The engineers report was factually incorrect. The "deteriorated roof sheathing and rotten truss" was not "repaired" as reported by the engineer; but rather, in the process of repair. The collapse took place in the process of remodeling and repairing the roof.

h. The <u>adjuster</u>'s analysis failed to consider that the additional coverage section of the policy specifically includes the "collapse" caused by "Perils Described in Section 1". Specifically, "Windstorm and Hail"

i. The adjuster failed to consider that the additional coverage section of the policy specifically includes "collapse" caused by <u>decay, deterioration, or damage that is hidden from view</u> and unknown to all insures prior to the collapse,

j. The adjuster failed to consider that the additional coverage section of the policy specifically includes "collapse" caused by <u>weight</u> of contents, or caused by <u>weight</u> of water.

  k. the adjuster failed to consider that the additional coverage section of the policy specifically includes "collapse" caused by use of defective material or methods in the construction (includes remodeling or renovation) of the buildings structure, if the collapse occurs during the course of the construction of the building structure. In this case, it occurred during the reconstruction of the rotted roof;

  l. the adjuster relied on the findings of the engineer concerning construction defects, without first inquiring into the date of the literature cited by the engineer or demanding proof of the construction standards that existed when the house was built in 1980.

  m. The adjuster failed to follow the definition of "collapse".

  n. The adjuster failed to follow the definition of "resulting loss".

20. State Farm knew of or recklessly disregarded the fact that it had no reasonable basis for claim denial. State Farm departed from its normal claims processing procedures to discourage small claims:

  a. State Farm did not respond in 30 days.

  b. State Farm asked the engineer for the basis of his report.

  c. The engineer did not respond, instead,

  d. State Farm directed the Plaintiff to contact State Farm's Engineer.

  e. The claims strategy was intended to discourage small claims.

21. The requested reconsideration was denied on August 4, 2022 without reasonable basis saying:

> Our position has not changed from our investigation and analysis of the facts. We will not be able to provide payment to Mr. King for his damages.

(Exhibit 6)

## COUNT 1
## Breach of Contract

22. State Farm had a duty to pay the claim under the facts and circumstances of this case.

23. State Farm breached the contract by failing to pay the claim.

24. As a direct result of the failure to pay benefits the Plaintiff suffered the following listed items for property loss, loss of use, and inflation coverage.

| | | | |
|---|---|---|---:|
| | a. | New Heating System, Beverly Services | $2,457.00 |
| | b. | New Heating System, Beverly Services | $4,914.00 |
| | c. | Ceiling repair, TPG Handyman | $7,568.88 |
| | d. | Eating out from November 16, 2021 to November 30, 2021 | 415.39 |
| | e. | Eating out from November 31, 2021 to February 7, 2022 | 1,116.85 |
| | f. | Travel & Lodging during home repairs February 8th to 22nd | 572.85 |
| | g. | Cost of bracing and supports | 67.00 |

The total is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,111.97

WHEREFOR, Plaintiff demands payment of $17,111.97, and pre-judgment interest and costs, and such other relief that the court deems appropriate.

## COUNT 2
## Bad Faith Failure to Pay Benefits under 42 Pa.C.S.A. § 8371.

25. State Farm did not have a reasonable basis for denying benefits under the policy for the reasons stated above.

26. State Farm knew of or recklessly disregarded its lack of a reasonable basis.

27. State Farm knew of or recklessly disregarded its lack of a reasonable basis, because the

expert had no basis for his report:

    a.    On January 21, 2022, Plaintiff requested construction standards. Exhibit 4. He put State Farm on notice that it had no reasonable basis to deny the claim, and State Farm did not respond.

    b.    On March, 25 2022, Plaintiff requested reconsideration. (Exhibit 5). He put State Farm on notice that it had no reasonable basis to deny the claim, and, State Farm denied reconsideration with knowledge and in reckless disregarded of its lack of a reasonable basis. (Exhibit 6)

    c.    State farm unreasonably relied on an expert report.

28. State Farm knew of or recklessly disregarded its lack of a reasonable basis, because the agent had no basis for her analysis:

    a.    On January 21, 2022, Plaintiff requested construction standards. Exhibit 4. The claims agent failed to get the construction standards.

    b.    On March, 25 2022, Plaintiff requested reconsideration. He put State Farm on notice that it failed to consider resulting loss from wind damage, and other matters. (Exhibit 5). The agent had no reasonable basis to deny the claim, and, State Farm denied reconsideration with knowledge and in reckless disregarded of its lack of a reasonable basis. (Exhibit 6)

    c.    State Farm unreasonably relied on an claims agent report.

    d.    State Farm unreasonably interpreted the policy, and misrepresented the facts and policy provisions.

29. State Farm unreasonably delayed the processing of the claim.

    a.    State Farm did not respond in 30 days to the letter of January 21, 2022.

    b.    State Farm did not respond in 30 days to the letter of March, 25 2022

    c.    State farm could not get the co-operation of its own engineer and asked the Plaintiff to submit the reconsideration request directly to the engineer.

30. In Pennsylvania, the Actions on Insurance Policies (Bad Faith Statute) 42 Pa.C.S.A. § 8371, permits an award of attorney's fees, interest, and costs to the insured. 42 Pa. C.S.A. § 8371.

    a.    An award of attorney's fees under section 8371 is meant "to compensate the plaintiff for having to pay an attorney to get that to which [the plaintiff was] contractually entitled."

    b.    In this case attorney fees are to be awarded because plaintiff is required to compensate his attorney.

    c.    Punitive Damages may be awarded when the parties conduct is outrageous. A person's conduct is outrageous when it is malicious, wanton, willful, or oppressive, or shows reckless indifference to the interests of others.

    d.    In this case punitive damages are to be awarded because State Farm was recklessly indifferent to the interests of others, because it knowingly or recklessly relied on an expert report, and the adjusters report, delayed claims processing, and willfully and wontonly denied the benefits.

31. As a direct result of the bad faith failure to pay benefits the Plaintiff suffered the following damages.

    a.    Attorney fees

    b.    Interest in an amount equal to the prime rate of interest plus 3%, and

    c.    costs.

    d.    Punitive damages

WHEREFOR, Plaintiff demands payment of $17,111.97 plus interest, attorney fees, costs, punitive damages and such other relief that the court deems appropriate.

## COUNT 3
### Breach of Contract - Bad Faith

32. State Farm had a contractual duty to act in good faith and fair dealing.

33. State Farm breached contract by acting in bad faith.

34. State Farm unreasonably relied on the engineers report, the claims adjuster report, and delayed claim processing as described above.

35. State Farm conducted a post-loss investigation in an unfair and nonobjective manner in this specific case.

    a. A claim was made <u>and paid</u> for the ceiling stain; a the resulting loss caused by the wind damage .

    b. A claim was made <u>and denied</u> for the ceiling collapse; a the resulting loss caused by the same wind damage .

    c. It is believed and therefor averred that State Farm made a baseless claim denial in an attempt to discourage future claims.

36. State Farm conducted a post-loss investigation in an unfair and nonobjective manner in general.

    a. Claims have been made <u>and paid</u> for ceiling collapse in Plaintiff's residential community.

    b.    More claims are expected because there were no construction standards when the residential community was built in the 1980's.

    c.    It is believed and therefor averred that State Farm made a baseless claim denial in an attempt to discourage future claims.

37.    State Farm unreasonably delayed the processing of the claim.

    a.    State Farm did not respond in 30 days.

    b.    State farm could not get the co-operation of its own engineer and asked the Plaintiff to submit the reconsideration request directly to the engineer.

38.    State Farm acted without a bona fide belief that it has a good possibility of winning, for the reasons stated above.

39.    State Farm breached its contractual duty to act in good faith for the reasons stated above.

WHEREFOR, Plaintiff demands payment of $17,111.97 plus attorney fees, costs, punitive damages and such other relief that the court deems appropriate.

## COUNT IV
### Unfair Trade Pratices and Consumer Protection Law.

40.    The plaintiff is a person who purchased or leased goods or services primarily for personal, family or household purposes. He suffered an ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of the Unfair Trade Pratices and Consumer Protection Law

41.    The defendant, an insurance company, is subject to strict liability because, like other strict liability offenses, liability for deceptive conduct under the CPL cannot be excused if consumers rely upon that conduct to their financial detriment.

42. The defendant had both advertising violations and post-advertising violations of the act.

43. The defendant had the following advertising violations. State Farm expressly (and falsely) represented in its advertising and marketing materials at the time of sale that:

    i       "This policy is one of the broadest forms today, and provides you with an outstanding value for your insurance dollars."

    ii.     the policy will cover wind damage, and resulting loss

    iii     the policy will cover for "collapse" caused by use of defective material or methods in the construction (which includes remodeling or renovation) of the buildings structure, if the collapse occurs during the course of the construction of the building structure, and

    iv      the policy will cover for "collapse" caused by decay, deterioration, or damage that is hidden from view and unknown to all insures prior to the collapse; and

    v.      State Farm is licensed in Pennsylvania; thus, State Farm implied that it would

            (1)     process the claim in a professional manner,

            (2)     meet customary time deadlines, and

            (3)     not place special burdens on the insured or make the claim processing burdensome.

44. The defendant conducted the following non-advertising violations. State Farm expressly (and falsely) represented to the plaintiff that:

    a.      State Farm provides a loss evaluation of the home by a professional engineer. It was implied that the professional engineer would state the facts correctly, have

       factual support for its expert opinion, respond to questions, do the evaluation in a timely manner, and provide a report that could be reasonably relied upon.

  b. State Farm provides a claims evaluation of the policy by a professional claims adjuster. It was implied that the claims adjuster would state the facts correctly, have factual support for its opinion, have a legal basis for its opinion, respond to questions, do the evaluation in a timely manner, and provide a report that could be reasonably relied upon.

45. The Defendant, State Farm, engaged in "Unfair methods of competition" and "unfair or deceptive acts or practices" in:

  a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that it does not have. Specifically, it made advertising violations and non-advertising violations.

  b. Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another. Specifically, it made advertising violations and non-advertising violations.

  c. Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made. Specifically, it made advertising violations and non-advertising violations. Triple damages are appropriate because the breach was reckless or intentional misconduct.

  d. Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. Specifically, it made advertising

violations and non-advertising violations.

46. Plaintiff reasonably and justifiably relied on these representations, and suffered an ascertainable loss of money or property.

WHEREFOR; Plaintiff, Dennis King, demands judgment against the Defendant, State Farm for civil damages in the amount of $17,111.97 plus triple damages, attorney fees and costs.

                                              Respectfully Submitted,
                                              BEHREND & ERNSBERGER, P.C.

                                              _____
                                              Daniel W. Ernsberger
                                              PA I.D. #30703
                                              *Attorney for Plaintiff,* Dennis King